IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CUNA MUTUAL INSURANCE SOCIETY,

                     Plaintiff,                    ORDER

  v.

                                              09-cv-197-bbc

OPEN LENDING, INC. and
HOULIHAN, LOKEY, HOWARD &
ZUKIN FINANCIAL ADVISORS, INC.,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil action for declaratory and injunctive relief arises out of a joint venture between plaintiff CUNA Mutual Insurance Society and defendant Open Lending, Inc. to operate a business known as Lenders Protection, LLC. On April 3, 2009, defendant Open Lending, Inc. removed this case from state court, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. Now before the court are defendant Open Lending's motion to compel arbitration and stay proceedings in this court and plaintiff's motion for a stay of the valuation proceedings.

      Before ruling on the pending motions, this court has an independent obligation to insure that subject matter jurisdiction exists. Arbaugh v. Y & H Corporation, 546 U.S. 500,

1

501 (2006). The Court of Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources. Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003). The federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Products Company, 211 F.3d 445, 447-48 (7th Cir. 2000). Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); McCready v. EBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006); Strawbridge v. Curtiss, 7 U.S. 267 (1806).

As the party that removed this case to federal court, defendant Open Lending bears the burden of showing that federal jurisdiction exists. Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) (party seeking to invoke federal diversity jurisdiction bears burden of demonstrating that complete diversity and amount in controversy requirements are met). In the notice of removal, defendant Open Lending alleged that: 1) plaintiff CUNA Mutual Insurance Society is an Iowa company with its principal place of business in Madison, Wisconsin; 2) defendant Open Lending, Inc. is a Texas corporation with its principal place of business in Austin, Texas; 3) defendant Houlihan, Lokey, Howard & Zukin Financial Advisors, Inc. is a California corporation with

2

its principal place of business in California; and 4) the amount in controversy exceeds $75,000.

In establishing diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, a corporation is deemed a citizen of the state in which it is incorporated and the state in which its principal place of business is located, 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004). However, the citizenship of a limited liability company is the citizenship of each of its members. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). In this case, the complaint and notice of removal do not identify plaintiff's organizational structure. Thus, more information is needed before I can assess whether there is diversity jurisdiction in this case.

Because it would be a waste of limited judicial resources to proceed further in a case where jurisdiction may not be present, I will give defendant Open Lending seven days in which to produce facts verifying the diversity of citizenship between plaintiff and defendants. Defendant is reminded that if plaintiff is a limited liability company whose members include individual persons, the citizenship and not the residency of

3

individual persons is what matters for diversity jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).

ORDER

IT IS ORDERED that defendant Open Lending, Inc. may have until May 26, 2009, to provide this court with verification of the diversity of citizenship between itself, defendant Houlihan, Lokey, Howard & Zukin Financial Advisors, Inc. and plaintiff CUNA Mutual Insurance Company. Failure to comply with this deadline will result in the dismissal of the case for lack of subject matter jurisdiction.

Entered this 20th day of May, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge